DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

DUMALANTA, DWAYNE PATRICK

Chapter 13
Case No.  14-53109 ASW

**1ST AMENDED**
TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE

Confirmation Date: N/A – Trustee's Pending List

Judge:  Arthur S Weissbrodt

Debtor(s)

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Pro Tanto% Plan for the following reasons:

1. The debtor failed to use one of the two recommended plans for the San Jose Division. An Amended Chapter 13 Plan must be filed and served on all creditors.

2. Debtor must file an Amended Voluntary Petition, Exhibit D, Disclosure of Compensation, Statement of Financial Affairs, and Creditor Matrix for the Northern District of California.  The documents stated above were filed under the Central District of California.

3. The attachment to Schedule I listing Mr. Dumalanta's gross business income and expenses has been omitted from the Voluntary Petition filed on July 17, 2014 [Docket #1].

4. Business expenses have been deducted from gross receipts on the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, filed on July 17, 2014 [Docket #1]. Pursuant to the 9th Circuit BAP case of *In re Wiegand*, 2008 Bankr. LEXIS 1256 (BAP 9th Cir. Apr. 3, 2008), business expenses must be deducted from current monthly income, not gross receipts. The Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income must be amended to show a deduction for business expenses after Line 21 of the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income.

5. The Voluntary Petition filed on July 17, 2014 [Docket #1] is incomplete, in that, the debtor has failed to list his prior bankruptcies. An Amended Voluntary Petition must be filed and served on all creditors.

6. Pursuant to Schedule J, filed on July 17, 2014 [Docket #1], debtor is budgeting $3,784.00 per month for the mortgage payment on the real property located at 3218 Flintmont Dr San Jose, CA 95148. Line 47b of the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income filed on July 17, 2014 [Docket #1] lists the average monthly mortgage payment for said real property as $1,892.00. The Trustee requests written clarification as to the accurate monthly mortgage payment to OneWest Bank for the real property located at 3218 Flintmont Dr San Jose, CA 95148.

7. Pursuant to Schedule J filed on July 17, 2014 [Docket #1], and Line 47a and Line 47c of the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income filed on July 17, 2014 [Docket #1], it appears the debtor has failed to list the monthly mortgage payments to Ocwen account #xxx0772 and Real Time Resolutions account #xxx2222 for the real property located at 2836 Ivy Estates Ct San Jose, CA 95135. An Amended Schedule J must be filed.

8. Pursuant to the debtor's schedules, there is excess equity in the debtor's personal property totaling $650.00. In order to ensure compliance with 11 U.S.C. §1325(a)(4), the debtor must amend the plan to state that, notwithstanding Section 2(d) general unsecured creditors shall receive no less than $650.00.

9. The debtor has not disclosed his 2013 and year-to-filing 2014 income in question 1 of the Statement of Financial Affairs, and therefore, are not in compliance with 11 U.S.C. §521(a)(1)(B)(iii). An Amended Statement of Financial Affairs must be filed.

10. Pursuant to Schedule I it appears the debtor has failed to list his property management business in question #18 of the Statement of Financial Affairs. An Amended Statement of Financial Affairs must be filed.

11. The Trustee is unable to determine if the plan is in compliance with 11 U.S.C. §1325(a)(4). The Trustee has filed an Objection to Debtor's Claim of Exemptions which must be resolved prior to the Trustee recommending confirmation.

12. The debtor has failed to appear and/or submit to examination under oath at the meeting of creditors under 11 U.S.C. §341(a). Without conducting this examination, the Trustee is unable to adequately investigate the debtor's financial affairs as she is required to do pursuant to 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)). In addition, until the debtor is examined by the Trustee, she is unable to recommend confirmation of the debtor's plan. The Trustee requests that the debtor appear at a rescheduled meeting of creditors.

13. The debtor has failed to provide the Trustee with either or both 1)a government-issued photo identification, or 2) proof of a social security number. *See* 11 U.S.C. §521(h). Without being able to establish the identity of the debtor, the Trustee is unable to adequately investigate the financial affairs of the debtor or recommend confirmation. The Trustee requests that the debtor provide her with verification of both identity and social security number.

Dated: September 10, 2014    /S/ Devin Derham-Burk
   _____
   Chapter 13 Trustee

Trustee's Objection to Confirmation–14-53109 ASW

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Trustee's 1st Amended Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on September 10, 2014.

Said envelopes were addressed as follows:

| | |
|---|---|
| DWAYNE PATRICK DUMALANTA<br>3218 FLINTMONT DR<br>SAN JOSE, CA 95148 | LAW OFFICE OF TIMOTHY L MCCANDLESS<br>4740 GREEN RIVER RD #208<br>CORONA, CA 92880 |

/S/ Erin Chew_____
Office of Devin Derham-Burk, Trustee